THE PEOPLE, PLAINTIFF AND RESPONDENT, v. AGUILAR,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 634.—Decided November 13, 1913.

AGGRAVATED ASSAULT AND BATTERY—ASSAULT UPON AN OLD MAN.—In a complaint for aggravated assault and battery based on subdivision 4 of section 6 of the Act of March 10, 1904, it is not enough to allege that the aggressor is a male adult and the person assaulted an old man of 60 years, but it should be alleged that the aggressor is a person of robust health and that the person assaulted is aged and decrepit.

ID.—ASSAULT WITH UMBRELLA—DEADLY WEAPON.—As an umbrella does not come within the category of a whip, rawhide or cane and is not a deadly weapon in the sense in which these words are employed in subdivisions 6 and 8 of section 6 of the Act of March 10, 1904, assault and battery cannot be deemed aggravated merely for having been committed with an umbrella.

ID.—PREMEDITATION—GREAT BODILY INJURIES—ASSAULT WITH UMBRELLA.—The use of an umbrella in committing assault and battery cannot be regarded as a circumstance which would justify its classification as the crime of aggravated assault and battery within the meaning of subdivision 9 of section 6 of the Act of March 10, 1904, as such use of an umbrella does not imply premeditated intent and the adoption of means calculated to inflict great bodily injuries.

ID.—SIMPLE ASSAULT AND BATTERY—SELF-DEFENSE—REDUCTION OF SENTENCE.—When a father objects to his son's relations with a woman and the son uses insulting language to his father who is 56 years old but is not shown to be decrepit, whereupon the father takes a stick and apparently without raising it walks towards his son who then strikes him with an umbrella, these acts, although not constituting the crime of aggravated assault and battery, justify a conviction for simple assault and battery, for there is no evidence that the son acted in self-defense; therefore this court may reduce the sentence imposed by the trial court.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Adrián Agosto* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case charged substantially as follows:

"Municipal Court of San Juan, P. R.—United States of America.—The President of the United States.—*The People of Porto Rico* v. *Francisco Aguilar.*—I, Tomás Hernández, Insular police, badge No.

390, of San Juan, P. R., residing at San Francisco Street No. 60, and 23 years of age, present this complaint against Francisco Aguilar for a crime of assault and battery with aggravated circumstances, committed in the following manner: That on December 20, 1912, at 7 p. m., and at No. 1 Rafael Cordero Street, of the Judicial Municipal District of San Juan, P. R., the accused, Francisco Aguilar, who is an adult, maliciously, unlawfully and wilfully, and with the premeditated design of causing grave bodily injury, committed an assault upon Isidoro Aguilar, his father, who is an old man, 60 years of age, by striking him with an umbrella and causing him a wound of three centimetres on the left frontal region, as appears from the doctor's certificate which is hereto attached.''

The appellant alleges that the complaint is deficient in so far as it purports to be a prosecution under subdivision 4 of section 6 of the law of March 10, 1904. This section and its subdivision are as follows:

"Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

＊　　　　＊　　　　＊　　　　＊　　　　＊　　　　＊　　　　＊

"4. When committed by a person of robust health or strength upon one who is aged and decrepit.''

The complaint does not charge that defendant was a person of robust health, but merely that he was an adult. Similarly the complaint fails to charge that the prosecuting witness was aged and decrepit, but merely that he was an old man of 60 years. Not every young man is robust, nor is every man of 60 decrepit.

Although no objection was made to the complaint in the court below it cannot even be urged that these matters were cured by the proof. There was no proof of the robust health of the defendant. The proof of the age of the prosecuting witness was merely that he was 56 years of age.

An umbrella, as such, is not a deadly weapon, nor is it in the nature of a whip, cowhide or cane so as to inflict disgrace upon the person assaulted. Hence the complaint does not bring the case within the provisions of paragraphs 6 and 8 of said section which are as follows:

"6. When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane.

\*          \*          \*          \*          \*          \*          \*

"8. When committed with deadly weapons under circumstances not amounting to an intent to kill or maim."

An umbrella might be a substitute for a cane under certain circumstances, but not under the proof in this case, especially as the defendant was casually carrying one and did not carry it with the intention of beating his father with it.

The *fiscal,* however, does not rely on subdivisions 4, 6 or 8, but on subdivision 9 which provides:

"9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

We doubt if any ordinary umbrella is a "means calculated to inflict great bodily injury." It may be a means of great injury just as a blow with the fist might be or a kick, but we do not think that the mere fact that an umbrella may or could cause such injury brings its use within the intendment of the statute.

Moreover, should a doubt prevail as to the sufficiency of the complaint the proof of an assault and battery with agravated circumstances was very deficient.

The prosecuting witness describes how he objected to his son's relations with a certain young woman and that while he, the father, was asleep one day, he awoke, to hear his son using insulting words to him. Whereupon the witness reproved his son exclaiming: "Boy, what are you saying?" whereupon the son said, "I am just as much a man as you are." Thereupon the father seized a little stick and went after his son with it, but he did not use it or bring it to bear on his son because on coming up to his son, the latter struck his father on the head with the umbrella. Some doubt may exist from all the testimony whether the father actually and physically uplifted the stick to strike with it, but of the fact

of his seizing the stick and going toward his son with it there is no doubt. The son was an adult and should undoubtedly have avoided striking his father, but we fail to see any premeditated design to commit a great injury or any other circumstance to make the assault aggravated. The father didn't like the choice of the son and the son didn't like his stepmother, and each of the women played a part in the events that led up to the blow.

As we see nothing in the record which showed that the son had the fear of a reasonable man of any great bodily injury to himself, especially from his father, we find no justification for the blow and hence we find that there was a simple assault and battery, and we therefore modify the sentence and impose a fine of $50 with an imprisonment of a day in jail for each dollar that he fails to pay.

*Sentence reduced and judgment affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.